IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 06-124-GMS |
| | : | |
| LISA REED, | : | |
| | : | |
| Defendant. | : | |

## **GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

COLM F. CONNOLLY
United States Attorney

Beth Moskow-Schnoll
Assistant United States Attorney
1007 Orange Street, Suite 700
Wilmington, Delaware 19801
(302) 573-6277

Attorney for Plaintiff

Dated: July 12, 2007

# TABLE OF CONTENTS

**Page**

PRELIMINARY INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    Duty of Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    Evidence . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
    Rules for Criminal Cases . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    Summary of Applicable Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    Conduct of the Jury . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    Course of the Trial . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

GENERAL INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

JURORS' DUTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PRESUMPTION OF INNOCENCE – BURDEN OF PROOF – REASONABLE DOUBT . . . . 9

EVIDENCE DEFINED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

DIRECT AND CIRCUMSTANTIAL EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

CREDIBILITY OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

NUMBER OF WITNESSES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

NATURE OF THE CHARGES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16
    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

SEPARATE CONSIDERATION –
DEFENDANT CHARGED WITH MULTIPLE CRIMES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

COUNT ONE:  BANK FRAUD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18
    Essential Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

COUNTS TWO AND EIGHT:  AGGRAVATED IDENTITY THEFT . . . . . . . . . . . . . . . . . . . 21
    Essential Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

COUNTS THREE, FOUR, FIVE AND SIX:  CONSPIRACY . . . . . . . . . . . . . . . . . . . . . . . . . 23
    Essential Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

i

**Page**

UNINDICTED, UNNAMED OR SEPARATELY TRIED CO-CONSPIRATORS . . . . . . . . . . 27

COUNT SEVEN:  WIRE FRAUD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28
    Essential Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

COUNTS ONE, TWO, SEVEN AND EIGHT:  AIDING AND ABETTING . . . . . . . . . . . . . 32
    Essential Elements . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 32

OTHER GENERAL OFFENSE INSTRUCTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34
    PROOF OF INTENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

"ON OR ABOUT" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 35

CONSIDERATION OF EVIDENCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36
    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 36

TAPE RECORDINGS AND TRANSCRIPTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 37

EXPERT WITNESS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 38

OTHER ACTS OF DEFENDANT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 39

DEFENDANT'S FAILURE TO TESTIFY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 40

DEFENDANT'S TESTIMONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 41

DEFENDANT'S CONVICTION OF A FELONY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 42

DELIBERATIONS AND VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43
    Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 43

UNANIMOUS VERDICT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 44

DUTY TO DELIBERATE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 45

PUNISHMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 46

VERDICT FORM . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 47

COURT HAS NO OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 48

## PRELIMINARY INSTRUCTIONS

Members of the jury:

Now that you have been sworn, I will give you some preliminary instructions to guide you in your participation in the trial.

### Duty of Jury

It will be your duty to find from the evidence what the facts are. You, and you alone, are the judges of the facts. You will then have to apply to those facts the law as I will give it to you. You must follow that law whether you agree with it or not. Nothing I may say or do during the course of the trial is intended to indicate nor should be taken by you as indicating what your verdict should be.

### Evidence

The evidence from which you will find the facts will consist of the testimony of witnesses, documents, and other things received into the record as exhibits, and any facts the lawyers agree or stipulate to or that the court may instruct you to find.

The following things are not evidence and must not be considered by you:

1.      Statements, arguments, and questions by lawyers are not evidence.

2.      Objections to questions are not evidence. Lawyers have an obligation to their client to make an objection when they believe evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by my ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If I instruct you that some item of evidence is received for a limited purpose only, you must follow that instruction.

1

3.      Testimony that I have excluded or told you to disregard is not evidence and must not be considered.

4.      Anything you may have seen or heard outside the courtroom is not evidence and must be disregarded.  You are to decide the case solely on the evidence presented here in the courtroom.

There are two kinds of evidence: direct and circumstantial.  Direct evidence is direct proof of a fact, such as testimony of an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  I will give you further instructions on these as well as other matters at the end of the case, but have in mind that you may consider both kinds of evidence.

It will be up to you to decide which witnesses to believe, which witnesses not to believe, and how much of any witness's testimony to accept or reject.  I will give you some guidelines for determining the credibility of witnesses at the end of the case.

### Rules for Criminal Cases

As you know, this is a criminal case.  There are three basic rules about a criminal case that you must keep in mind.

First, a defendant is presumed innocent until proven guilty. The Indictment against the defendant brought by the government is only an accusation, nothing more.  It is not proof of guilt or anything else.  The defendant therefore starts out with a clean slate.

Second, the burden of proof is on the government throughout the case.  A defendant has no burden to prove his or her innocence, or to present any evidence, or to testify.  Since a

2

defendant has the right to remain silent, the law prohibits you in arriving at your verdict from considering that a defendant may not have testified.

Third, in order to prove a defendant guilty, the government must prove his or her guilt beyond a reasonable doubt. I will give you further instructions on this point later, but bear in mind that in this respect a criminal case is different from a civil case.

### Summary of Applicable Law

In this case the defendant is charged with violations of several federal laws. I will give you detailed instructions on the law at the end of the case, and those instructions will control your deliberations and decision. But in order to help you follow the evidence I will now give you a brief summary of the elements of the offenses that the government must prove to make its case.

In Count One, the Indictment charges the defendant with bank fraud. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**First**:      That there was a scheme to defraud a bank;

**Second**:      That the defendant executed or attempted to execute the scheme with the intent to defraud the bank or that she knowingly and intentionally aided and abetted another in the scheme; and

**Third**:      That at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation.

In Counts Two and Eight, the Indictment charges the defendant with aggravated identity theft. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

3

**First:**      That the defendant knowingly used, without lawful authority, a means of identification of another person; and

**Second:**     That the defendant used the means of identification of another person during and in relation to bank fraud (as charged in Count One) and wire fraud (as charged in Count Seven).

In Counts Three, Four, Five and Six, the Indictment charges the defendant with conspiracy. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**First:**      That two or more persons entered into the unlawful agreement;

**Second:**     That the defendant knowingly and wilfully became a member of the conspiracy; and

**Third:**      That one of the members of the conspiracy knowingly committed one of the overt acts charged in the Indictment in order to further some objective of the conspiracy.

In Count Seven, the Indictment charges the defendant with wire fraud. The essential elements of this offense, each of which the government must prove beyond a reasonable doubt are:

**First:**      That there was a scheme or artifice to defraud;

**Second:**     That the defendant knowingly devised or participated in the scheme or artifice with the intent to defraud; and

4

**Third:**    That in advancing, furthering, or carrying out the scheme, the defendant

caused interstate wire communications to take place as specified in the

Indictment.


## Conduct of the Jury

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial you are not to discuss the case with anyone or

permit anyone to discuss it with you. Until you retire to the jury room at the end of the case to

deliberate on your verdict, you simply are not to talk about this case.

Second, do not read or listen to anything touching on this case in any way. If anyone

should try to talk to you about it, bring it to the court's attention promptly.

Third, do not try to do any research or make any investigation about the case on your

own.

Finally, do not form any conclusion about the matters in issue until all the evidence is in.

Keep an open mind until you start your deliberations at the end of the case.

If you wish, you may take notes. If you do take notes, leave them in the jury room when

you leave at night. And remember that they are for your own personal use -- they are not to be

given or read to anyone else.

## Course of the Trial

The trial will now begin. First, the government will make an opening statement, which is

simply an outline to help you understand the evidence as it comes in. Next, the defendant's

5

attorney may but does not have to make an opening statement. Opening statements are neither evidence nor arguments.

The government will then present its witnesses and counsel for the defendant may cross-examine them. Following the government's case, the defendant may, if she wishes, present witnesses whom the government may cross-examine. After all the evidence is in, the attorneys will present their closing arguments to summarize and interpret the evidence for you, and the court will instruct you on the law. After that, you will retire to deliberate on your verdict.

See Pattern Criminal Jury Instructions, District of Delaware, § 1.

# **GENERAL INSTRUCTIONS**

## **INTRODUCTION**

Members of the jury, now it is time for me to instruct you about the law that you must follow in deciding this case.

I will start by explaining your duties and the general rules that apply in every criminal case.

Then I will explain the elements, or parts, of the crimes that the defendant is accused of committing.

Then I will explain some rules that you must use in evaluating particular testimony and evidence.

And last, I will explain the rules that you must follow during your deliberations in the jury room, and the possible verdicts that you may return.

Please listen very carefully to everything I say.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.01.

7

## **JURORS' DUTIES**

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if the government has proved a defendant guilty beyond a reasonable doubt. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

The lawyers may have talked about the law during their arguments. But if what they said is different from what I say, you must follow what I say. What I say about the law controls.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, § 1.02.

8

## PRESUMPTION OF INNOCENCE – BURDEN OF PROOF – REASONABLE DOUBT

As you know, the defendant has pleaded not guilty to the crimes charged against her in the Indictment. The Indictment is not any evidence at all of guilt. It is just the formal way that the government tells defendants what crimes they are accused of committing. It does not even raise any suspicion of guilt.

Instead, the defendant starts the trial with a clean slate, with no evidence at all against her, and the law presumes that she is innocent. This presumption of innocence stays with her unless the government presents evidence in court that overcomes the presumption, and convinces you beyond a reasonable doubt that the defendant is guilty.

This means that a defendant has no obligation to present any evidence at all, or to prove to you in any way that he or she is innocent. It is up to the government to prove that he or she is guilty, and this burden stays on the government from start to finish. You must find the defendant not guilty unless the government convinces you beyond a reasonable doubt that the defendant is guilty.

For each crime charged, the government must prove every element of that crime beyond a reasonable doubt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt. Possible doubts or doubts based purely on speculation are not reasonable doubts. A reasonable doubt is a doubt based on reason and common sense. It may arise from the evidence, the lack of evidence, or the nature of the evidence.

Proof beyond a reasonable doubt means proof which is so convincing that you would not hesitate to rely and act on it in making the most important decisions in your own lives. If you are convinced that the government has proved the defendant guilty beyond a reasonable doubt, say so

9

by returning a guilty verdict against the defendant as to each count that has been proven. If you are not convinced, say so by returning a not guilty verdict as to that count.

Pattern Criminal Jury Instructions, 6th Circuit, §1.03.

## EVIDENCE DEFINED

You must make your decision based only on the evidence that you saw and heard here in court. Do not let rumors, suspicions, or anything else that you may have seen or heard outside of court influence your decision in any way.

The evidence in this case includes only what the witnesses said while they were testifying under oath and the exhibits that I allowed into evidence.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. Their questions and objections are not evidence. My legal rulings are not evidence. And my comments and questions are not evidence.

In addition, the Indictment is not evidence. It is merely the formal manner of accusing a person of a crime in order to bring him or her to trial. You must not consider the Indictment as any evidence of the guilt of the defendant, or draw any inference of guilt from it.

During the trial I may not have let you hear the answers to some of the questions that the lawyers asked. I also may have ruled that you could not see some of the exhibits that the lawyers wanted you to see. And sometimes I may have ordered you to disregard things that you saw or heard, or I struck things from the record. You must completely ignore all of these things. Do not even think about them. Do not speculate about what a witness might have said or what an exhibit might have shown. These things are not evidence, and you are bound by your oath not to let them influence your decision in any way.

Make your decision based only on the evidence, as I have defined it here, and nothing else.

Pattern Criminal Jury Instructions, 6th Circuit, §1.04.

11

## CONSIDERATION OF EVIDENCE

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

Pattern Criminal Jury Instructions, 6th Circuit, §1.05.

12

# DIRECT AND CIRCUMSTANTIAL EVIDENCE

Now, some of you may have heard the terms "direct evidence" and "circumstantial evidence."

Direct evidence is simply evidence like the testimony of an eyewitness which, if you believe it, directly proves a fact. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining.

Circumstantial evidence is simply a chain of circumstances that indirectly proves a fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

It is your job to decide how much weight to give the direct and circumstantial evidence. The law makes no distinction between the weight that you should give to either one, nor does it say that one is any better evidence than the other. You should consider all the evidence, both direct and circumstantial, and give it whatever weight you believe it deserves.

Pattern Criminal Jury Instructions, 6th Circuit, §1.06.

13

## CREDIBILITY OF WITNESSES

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something or failed to do or say something, that was different from the testimony the witness gave before you during the trial.

You should remember that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth. People may forget some things or remember other things inaccurately. If a witness has made a misstatement, you need to consider whether it was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it concerns an important fact or an unimportant detail.

In weighing the credibility of a witness, you may consider the fact that he or she has previously been convicted of a felony [a crime involving dishonesty or false statement]. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his or her testimony.

Pattern Civil Jury Instructions, 5th Circuit, §§2.16-17.

14

## NUMBER OF WITNESSES

One more point about the witnesses. Sometimes jurors wonder if the number of witnesses who testified makes any difference.

Do not make any decisions based only on the number of witnesses who testified. What is more important is how believable the witnesses were, and how much weight you think their testimony deserves. Concentrate on that, not the numbers.

Pattern Criminal Jury Instructions, 6th Circuit, §1.08.

15

## NATURE OF THE CHARGES

### INTRODUCTION

That concludes the part of my instructions explaining your duties and the general rules that apply in every criminal case. In a moment, I will explain the elements of the crimes that the defendant is accused of committing.

But before I do that, I want to emphasize that the defendant is only on trial for the particular crimes charged against her in the Indictment. Your job is limited to deciding whether the government has proved the particular crimes charged were committed by the defendant.

Also keep in mind that whether anyone else should be prosecuted and convicted for these crimes is not a proper matter for you to consider. The possible guilt of others is no defense to a criminal charge. Your job is to decide if the government has proven the defendant guilty. Do not let the possible guilt of others influence your decision in any way.

Pattern Criminal Jury Instructions, 6th Circuit, §2.01.

16

## SEPARATE CONSIDERATION --
## DEFENDANT CHARGED WITH MULTIPLE CRIMES

The defendant has been charged with eight crimes. The number of charges is no evidence of guilt, and this should not influence your decision in any way. It is your duty to separately consider the evidence that relates to each charge, and to return a separate verdict for each one. For each charge, you must decide whether the government has presented proof beyond a reasonable doubt that the defendant is guilty of each particular charge.

Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any of the other charges.

See Pattern Criminal Jury Instructions, 6th Circuit, § 2.01A.

17

## COUNT ONE:  BANK FRAUD

## ESSENTIAL ELEMENTS

Count One of the Indictment charges the defendant with the crime of bank fraud.  In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

> **First:**    That there was a scheme to defraud a bank;
>
> **Second:**    That the defendant executed or attempted to execute the scheme with the intent to defraud the bank or that she knowingly and intentionally aided and abetted another in the scheme; and
>
> **Third:**    That at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation.

As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

**First Element:**    The first element that the government must prove beyond a reasonable doubt is that there was a scheme to defraud a bank as described in the Indictment.  A "scheme to defraud" is defined as a pattern or course of conduct concerning a material matter designed to deceive a federally insured bank into releasing money or property with the intent to cause the bank to suffer an actual or potential loss.

Although it is not necessary for the government to prove an actual loss of funds by the bank, the government must prove beyond a reasonable doubt that by executing or attempting to execute the scheme alleged in the Indictment, or by aiding or abetting the scheme alleged in the

18

Indictment, the defendant placed the bank at a risk of loss and that the bank did not knowingly accept such a risk.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

**Second Element**:    The second element that the government must prove beyond a reasonable doubt is that the defendant executed or attempted to execute, or aided or abetted in the execution of the scheme to defraud knowingly, wilfully, and with specific intent to defraud the bank.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Wilfully" means to act knowingly and purposely, with an intent to do something the law forbids, that is to say, with bad purpose either to disobey or to disregard the law.

To act with intent to defraud means to act wilfully and the specific intent to deceive, for the purpose of causing some financial loss to another.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past she committed an act with fraudulent intent. Such direct proof is not required, and knowledge and criminal intent may be proved by circumstantial evidence. Circumstantial evidence, if

19

believed, is of no less value than direct evidence. In either case, the essential elements of the crime charged must be established beyond a reasonable doubt.

**Third Element**:        The third and final element that the government must prove beyond a reasonable doubt is that Univest National Bank & Trust Company was insured by the Federal Deposit Insurance Corporation at the time of the execution of the alleged scheme to defraud.

[As to this element, there is no issue since a stipulation was entered into and read to you in which the parties agree that Univest National Bank & Trust Company was insured by the Federal Deposit Insurance Corporation at the time in question.]

It is not necessary for the government to prove that the defendant knew the identity of the particular financial institution or that the defendant knew that the institution was insured by the Federal Deposit Insurance Corporation. It must prove, however, that the defendant intended to defraud a financial institution.

18 U.S.C. § 1344; L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, at 44-5, 44-9, 44-10, 44-10, 44-11, 44-12 (2007).

20

## COUNTS TWO AND EIGHT:   AGGRAVATED IDENTITY THEFT

### ESSENTIAL ELEMENTS

Counts Two and Eight of the Indictment charge the defendant with the crime of aggravated identity theft.  In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First:**     That the defendant knowingly used, without lawful authority, a means of identification of another person; and

**Second:**     That the defendant used the means of identification of another person during and in relation to bank fraud (as charged in Count One) and wire fraud (as charged in Count Seven).

As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

**First Element:**   The first element that the government is required to prove beyond a reasonable doubt refers to a means of identification.  The term "means of identification" is defined as any name or number, including any social security number, that may be used, alone or in conjunction with any other information, to identify a specific individual.

The term "knowingly", as that term has been used in the Indictment and in these instructions, means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

**Second Element:**   The second element that the government must prove beyond a reasonable doubt is that the defendant used the means of identification during and in relation to bank fraud as charged in Count Two and during and in relation to wire fraud as charged in Count Eight.  In order for you to find that the defendant acted "during and in relation to" an offense, you

21

must find that the unauthorized use of the means of identification facilitated or played a role in the offense.

You are advised that the elements of bank fraud are as follows: first, that there was a scheme to defraud a bank; second, that the defendant executed or attempted to execute the scheme with the intent to defraud the bank; and third, that at the time of the execution of the scheme, the bank had its deposits insured by the Federal Deposit Insurance Corporation. You are advised that the elements of wire fraud are as follows: first, that there was a scheme or artifice to defraud; second, that the defendant knowingly and intentionally aided and abetted others in the scheme; and third, that in the execution of the scheme, the defendant used or caused the use of interstate wires.

You may use the Court's definitions of the elements of the offenses of bank and wire fraud in considering whether the defendant's actions facilitated or played a role in the offense, keeping in mind that Count Two charges use of means of identification during and in relation to bank fraud, and not the commission of bank fraud, and that Count Eight charges use of means of identification during and in relation to wire fraud, and not the commission of wire fraud.

18 U.S.C. §§ 1028A, 1028(d)(7)(A); See 2 L. Sand, *et al.,* Modern Federal Jury Instructions at 44-3, 44-9, 44-11 (2007); Ninth Circuit Model Jury Instructions, Criminal, Instruction 8.65 (2003).

22

## COUNTS THREE, FOUR, FIVE AND SIX:  CONSPIRACY

### ESSENTIAL ELEMENTS

In Counts Three and Five of the Indictment, the defendant is charged with conspiracy to fraudulently use a Social Security number.  In Counts Four and Six, the defendant is charged with conspiracy to commit identity theft.  Three essential elements must be proved in order to establish the conspiracies charged in Counts Three, Four, Five and Six of the Indictment.  For you to find the defendant guilty of this crime, each of the following elements must be proved by the government beyond a reasonable doubt:

**First**:    That two or more persons entered into the unlawful agreement to fraudulently use Vincent Dixon's name and/or social security number to obtain loans as described in the Indictment;

**Second**:    That the defendant knowingly and wilfully became a member of the conspiracy; and

**Third**:    That one of the members of the conspiracy knowingly committed one of the overt acts charged in the Indictment in order to further some objective of the conspiracy.


If you should find from the evidence in this case that each of these elements has been proven by the government beyond a reasonable doubt, then proof of the conspiracy offense is complete, and the government need not prove that the offense which was the object of the conspiracy was accomplished.

23

**First Element:** With regard to the first element - a criminal agreement - the government must prove that two or more persons conspired, or agreed, to cooperate with each other to, as alleged in Counts Three and Five, fraudulently use a social security number to obtain a loan, and to, as alleged in Counts Four and Six, commit identity theft.

This does not require any proof of any formal agreement, written or spoken. Nor does this require proof that everyone involved agreed on all the details. But proof that people simply met together from time to time and talked about common interests, or engaged in similar conduct, is not enough to establish a criminal agreement. These are things that you may consider in deciding whether the government has proved an agreement. But without more they are not enough.

What the government must prove is that there was a mutual understanding, either spoken or unspoken, between two or more people, to cooperate with each other to, as charged in Counts Three and Five, commit the crime of fraudulently using a social security number, and to, as charged in Counts Four and Six, commit the crime of identity theft. This is essential.

An agreement can be proved indirectly, by facts and circumstances which lead to a conclusion that an agreement existed. But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**Second Element:** If you are convinced that there was a criminal agreement, then you must decide whether the government has proved that the defendant knowingly and voluntarily joined that agreement. The government must prove that the defendant knew the conspiracy's main purpose, and that she voluntarily joined the conspiracy intending to help advance or achieve its goals.

24

This does not require proof that the defendant knew everything about the conspiracy, or everyone else involved, or that she was a member of it from the very beginning. Nor does it require proof that the defendant played a major role in the conspiracy, or that her connection to it was substantial. A slight role or connection may be enough.

But proof that the defendant simply knew about a conspiracy, or was present at times, or associated with members of the group, is not enough, even if she approved of what was happening or did not object to it. Similarly, just because the defendant may have done something that happened to help a conspiracy does not necessarily make her a conspirator. These are all things that you may consider in deciding whether the government has proved that the defendant joined a conspiracy. But without more they are not enough.

What the government must prove is that the defendant knew the conspiracy's main purpose, and that she voluntarily joined it intending to help advance or achieve its goals. This is essential.

A defendant's knowledge can be proved indirectly by facts and circumstances which lead to a conclusion that she knew the conspiracy's main purpose.

But it is up to the government to convince you that such facts and circumstances existed in this particular case.

**Third Element**: The third element that the government must prove is that a member of the conspiracy did one of the overt acts described in the Indictment for the purpose of advancing or helping the conspiracy.

25

The Indictment lists two overt acts for each charged conspiracy. The government does not have to prove that all these acts were committed, or that any of these acts were themselves illegal.

But the government must prove that at least one act was committed by a member of the conspiracy for each conspiracy, and that the act was committed for the purpose of advancing or helping the conspiracy. This is essential.

See 18 U.S.C. § 371; 1 L. Sand, *et al.,* Modern Federal Jury Instructions at 19-3, 19-4 (2007); Pattern Criminal Jury Instructions, 6th Circuit, §§3.02, 3.03, 3.04; 2 O'Malley, Grenig, and Lee Federal Jury Practice & Instructions § 31.03 (5th ed.); United States v. Rankin, 870 F.2d 109 (3d Cir. 1989); United States v. Kates, 508 F.2d 308, 310 (3d Cir. 1975).

26

## UNINDICTED, UNNAMED OR
## SEPARATELY TRIED CO-CONSPIRATORS

Now, some of the people who may have been involved in the charged conspiracies are not on trial. This does not matter. There is no requirement that all members of a conspiracy be charged and prosecuted, or tried together in one proceeding.

Pattern Criminal Jury Instructions, 6th Circuit, §3.06.

27

## COUNT SEVEN:  WIRE FRAUD

### ESSENTIAL ELEMENTS

Count Seven of the Indictment charges the defendant with the crime of wire fraud.  In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

**First:**  That there was a scheme or artifice to defraud;

**Second:**  That the defendant knowingly devised or participated in the scheme or artifice with the intent to defraud; and

**Third:**  That in advancing, furthering, or carrying out the scheme, the defendant caused interstate wire communications to take place as specified in the Indictment.

As stated before, the burden is always on the government to prove beyond a reasonable doubt every essential element of the crime charged.

**First Element:**  The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud.

A "scheme or artifice to defraud" is a scheme that demonstrates a departure from fundamental honesty, moral uprightness, or fair play and candid dealings in the general life of the community.  Count Seven of the Indictment in this case alleges that in carrying out such a scheme, Glenny Coleman, III, aided and abetted by the defendant, caused a facsimile to be transmitted stating that "Michael Fuller" had been approved for a purchase loan in the amount of $399,900.

28

It is not necessary that the government prove all of the details alleged in the Indictment concerning the precise nature and purpose of the scheme, or that the alleged scheme actually succeeded in defrauding anyone, or that the use of the wire communication was intended as the specific or exclusive means of accomplishing the alleged fraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proof that a scheme to defraud, as charged, did exist, you next should consider the second element.

**Second Element**:   The second element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly and with the intent to defraud.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Intent to defraud" means to act knowingly and with the intention or the purpose to deceive or to cheat.  An intent to defraud is accompanied, ordinarily, by a desire or a purpose to bring about some gain or benefit to oneself or some other person or by a desire or a purpose to cause some loss to some person.

The question of whether a person acted knowingly and with intent to defraud is a question of fact for you to determine, like any other fact question.

In order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that the defendant knew that her conduct as a participant in the scheme was calculated to defraud and, nonetheless, she associated herself with the alleged

29

fraudulent scheme for the purpose of defrauding another person or entity. If you find that the defendant was not a knowing participant in the scheme or that she lacked the intent to defraud, you should acquit her.

**Third Element**:   The third and final element that the government must establish beyond a reasonable doubt is the transmission of an interstate wire communication in furtherance of the scheme to defraud. The transmission of a wire communication as I have used it here includes any interstate use of the telephone lines, as for example the transmission of a facsimile from one state to another.

The wire communication need not contain a fraudulent representation or purpose or request for money. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for a defendant to be directly or personally involved in the wire communication, as long as the wire communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating.

In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wire communication to be transmitted by others. This does not mean that the defendant must specifically have authorized others to do the transmitting. When one does an act with knowledge that the wire communication will follow in the ordinary course of business or where such wire communication can reasonably be foreseen, even though not actually intended, then she causes the wire communication to be transmitted.

With respect to the wire communication, the government must establish beyond a reasonable doubt the particular wire communication charged in the Indictment. However, the

30

government does not have to prove that the wire communication was transmitted on the exact date charged in the Indictment. It is sufficient if the evidence establishes beyond a reasonable doubt that the wire communication was transmitted on a date substantially similar or close in time to the date charged in the Indictment.

18 U.S.C. § 1343; L. Sand, *et al.*, <u>Modern Federal Jury Instructions</u>, at 44-4, 44-5, 44-7 (2007); <u>United States v. Antico</u>, 275 F.3d 245, 261 (3d Cir. 2001); <u>United States v. Monostra</u>, 125 F.3d 183, 186-87 (3d Cir. 1997); 2 Devitt and Blackmar, <u>Federal Jury Practice and Instructions</u>, 4th Edition, Section 40.14.

31

## COUNTS ONE, TWO, SEVEN AND EIGHT:  AIDING AND ABETTING

### ESSENTIAL ELEMENTS

For you to find the defendant guilty of Counts One (bank fraud), Two (aggravated identity theft), Seven (wire fraud) and Eight (aggravated identity theft), it is not necessary for you to find that the defendant personally committed the crime herself.  You may also find her guilty if she intentionally helped [or encouraged] someone else to commit the crime.  A person who does this is called an aider and abettor.

But for you to find a defendant guilty of any of these counts as an aider or abettor, you must be convinced that the government has proved each and every one of the following elements beyond a reasonable doubt:

First:      that the charged crime was committed;

Second:   that the defendant knew that the crime was being committed;

Third:     that the defendant helped to commit the crime [or encouraged someone
            else to commit the crime]; and

Fourth:    that the defendant intended to help commit [or encourage] the crime.

Proof that a defendant may have known about the crime, even if she was there when it was committed, is not enough for you to find her guilty.

What the government must prove is that a defendant did something to help [or encourage] the crime with the intent that the crime be committed.

If you are convinced that the government has proved all of these elements as to a particular charge, say so by returning a guilty verdict on that charge.  If you have a reasonable

32

doubt about any one of these elements for a particular charge, then you cannot find the charged defendant guilty as an aider and abettor.

See Pattern Criminal Jury Instructions, 6th Circuit § 4.01.

33

## OTHER GENERAL OFFENSE INSTRUCTIONS

## PROOF OF INTENT

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind. But you may infer a defendant's intent from the surrounding circumstances. You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which indicate her state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. As I have said, it is entirely up to you to decide what facts to find from the evidence.

See 1 Devitt and Blackmar, Federal Jury Practice and Instructions, 3rd Edition, Section 14.13.

34

## **"ON OR ABOUT"**

You will note the Indictment charges that the various offenses were committed "on or about" different dates. The government does not have to prove with certainty that the alleged crime occurred on the specific date charged. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the crime was committed on a date reasonably near the date alleged.

See 1A O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions § 13.05 (5th ed.).

## CONSIDERATION OF EVIDENCE

### INTRODUCTION

That concludes the part of my instructions explaining the elements of the crime charged.

Next I will explain some rules that you must use in considering some of the testimony and

evidence.

Pattern Criminal Jury Instructions, 6th Circuit, §7.01.

36

## TAPE RECORDINGS AND TRANSCRIPTS

Tape recordings of conversations have been received in evidence and have been played for you during the trial. Typewritten transcripts of these tape recorded conversations have been furnished to you solely for your convenience in assisting you in following the conversation or in identifying the speakers.

The tapes themselves are evidence in the case. The transcripts are not evidence. What you hear on the tapes is evidence. What you read on the transcripts is not. If you perceive any difference between the two, you must be guided solely by what you heard on the tapes and not by the transcripts.

If you cannot, for example, determine from the tape recording that particular words were spoken, or if you cannot determine from the tape recording who said a particular word or words, then you must disregard the transcript insofar as those words or that speaker are concerned.

See 1A O'Malley, Grenig, and Lee, *Federal Jury Practice & Instructions* § 14.09 (5th ed.); 3 L. Sand, *et al.*, Modern Federal Jury Instructions at 56-2 (2007); United States v. DiSalvo, 34 F.3d 1204, 1219-20 (3d Cir. 1994).

## **EXPERT WITNESS**

In this case, I have permitted [TO BE SUPPLIED] to express [his/her] opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts. In weighing this opinion testimony, you may consider the witness'[es'] qualifications, [his/her] opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness'[es'] testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because you substitute it for your own reasons, judgment and common sense. The determination of the facts in this case rests solely with you.

See 3 L. Sand, *et al.*, Modern Federal Jury Instructions at 7-21 (2007).

## OTHER ACTS OF DEFENDANT

(if applicable)

You have heard testimony that the defendant committed some acts other than the ones charged in the Indictment.

You cannot consider this testimony as evidence that the defendant is a bad person and therefore committed the crime that she is on trial for now. Instead, you can only consider it in relation to [facts to be inserted as warranted]. Do not consider it for any other purpose.

Remember that the defendant is on trial here only for the crimes charged in the Indictment, not for the other acts. Do not return a guilty verdict as to a count unless the government proves a crime charged beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §7.13; *United States v. McGlory*, 968 F.2d 309, 338-39 (3d Cir. 1992); *United States v. O'Leary*, 739 F.2d 135, 136 (3d Cir. 1984), *cert. denied*, 469 U.S. 1107 (1985).

## DEFENDANT'S FAILURE TO TESTIFY

### (if applicable)

A defendant in a criminal case has an absolute right under our Constitution not to testify [or present evidence]. The fact that the defendant did not testify [or present any evidence] must not be discussed or considered in any way when deliberating and in arriving at your verdict. No inference of any kind may be drawn from the fact that the defendant decided to exercise her privilege under the Constitution and did not testify. As stated before, the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, Sec. 15.14 (5th Ed. 2000 & 2003).

40

## DEFENDANT'S TESTIMONY

(if applicable)

You have heard the defendant testify. The defendant's credibility should be judged in the same way as any other witness.

## DEFENDANT'S CONVICTION OF A FELONY

### (if applicable)

You have heard evidence that the defendant was previously convicted of a felony crime. Evidence that the defendant has been convicted of a felony is one of the circumstances which you may consider in determining the credibility of the defendant as a witness. Evidence of such an earlier conviction, however, must never be considered by you as evidence of any kind of the guilt of the crimes for which the defendant is now on trial. You are specifically forbidden to use this kind of evidence for that purpose. In other words, you may not use evidence of the earlier conviction in determining whether or not the defendant committed the crimes charged in the Indictment.

See 1A O'Malley, Grenig, and Lee, Federal Jury Practice & Instructions § 15.08 (5th ed.).

42

## DELIBERATIONS AND VERDICT

### <u>INTRODUCTION</u>

That concludes the part of my instructions explaining the rules for considering some of the testimony and evidence. Now let me finish up by explaining some things about your deliberations in the jury room, and your possible verdicts.

Once you start deliberating, do not talk to the jury officer, or to me, or to anyone else except each other about the case. If you have any questions or messages, you must write them down on a piece of paper, have your foreperson sign them, and then give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take me some time to get back to you. Any questions or messages normally should be sent to me through your foreperson.

One more thing about messages. Do not ever write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that you are split 6-6, or 8-4, or whatever your vote happens to be. That should stay secret until you are finished.

<u>See</u> Pattern Criminal Jury Instructions, 6th Circuit, §8.01

43

## UNANIMOUS VERDICT

Your verdict, as to each Count charged in the Indictment, whether it is guilty or not guilty, must be unanimous.

To find the defendant guilty, every one of you must agree that the government has overcome the presumption of innocence with evidence that proves the defendant's guilt beyond a reasonable doubt as to the crime charged in that Count of the Indictment.

To find the defendant not guilty, every one of you must agree that the government has failed to convince you beyond a reasonable doubt.

Either way, guilty or not guilty, your verdict must be unanimous.

After you have reached unanimous agreement as to the guilt or innocence of the defendant with respect to each Count of the Indictment, you then return to the courtroom. Your foreperson, who by custom of this Court is the No. 1 juror, _____, in answer to a question asked by the Clerk, will give your verdict of either "Not Guilty" or "Guilty" with respect to each charge of the Indictment.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.03.

44

## DUTY TO DELIBERATE

Now that all the evidence is in and the arguments are completed, you are free to talk about the case in the jury room. In fact, it is your duty to talk with each other about the evidence, and to make every reasonable effort you can to reach unanimous agreement. Talk with each other, listen carefully and respectfully to each other's views, and keep an open mind as you listen to what your fellow jurors have to say. Try your best to work out your differences. Do not hesitate to change your mind if you are convinced that other jurors are right and that your original position was wrong.

But do not ever change your mind just because other jurors see things differently, or just to get the case over with. In the end, your vote must be exactly that--your own vote. It is important for you to reach unanimous agreement, but only if you can do so honestly and in good conscience.

No one will be allowed to hear your discussions in the jury room, and no record will be made of what you say. So you should all feel free to speak your minds.

Listen carefully to what the other jurors have to say, and then decide for yourself if the government has proved the defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.04.

45

## **PUNISHMENT**

If you decide that the government has proved the defendant guilty, then it will be my job to decide what the appropriate punishment should be.

Deciding what the punishment should be is my job, not yours.  It would violate your oaths as jurors to even consider the possible punishment in deciding your verdict.

Your job is to look at the evidence and decide if the government has proved the defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.05.

46

## **VERDICT FORM**

I have prepared a verdict form that you should use to record your verdict. The form will be given to the foreperson.

If you decide that the government has proven a charge against the defendant beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proven a charge against the defendant beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form.

If you decide that the government has proven a charge against the defendant beyond a reasonable doubt, I have included a series of additional questions called "interrogatories" for you to answer about the facts of this case. If you find that the government has proven a particular fact beyond a reasonable doubt, say so by having your foreperson mark the appropriate place on the form. If you decide that the government has not proven a particular fact beyond a reasonable doubt, say so by having your foreperson make the appropriate place on the form.

Each of you should then sign the form, put the date on it, and return it to me.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.06.

47

## COURT HAS NO OPINION

Let me finish up by repeating something that I said to you earlier. Nothing that I have said or done during this trial was meant to influence your decision in any way. You decide for yourselves if the government has proved the defendant guilty beyond a reasonable doubt.

See Pattern Criminal Jury Instructions, 6th Circuit, §8.09.

48

Respectfully submitted,

COLM F. CONNOLLY
United States Attorney

By: _____
Beth Moskow-Schnoll
Assistant United States Attorney

Dated:   July 12, 2007

## CERTIFICATE OF SERVICE

I, Sharon L. Bernardo, employee with the United States Attorney's Office, hereby certify

that on July 12, 2007, I electronically filed with the Clerk of the Court using the CM/ECF the

foregoing:

## REQUEST FOR JURY INSTRUCTIONS

by causing two copies of said document to be placed in a postage prepaid envelope, placed in the

United States Mail, and addressed to counsel of record as follows:

> Terry Pugh, Esquire
> Elmore, Pugh & Warren, P.C.
> 1315 Walnut Street
> Suite 800
> Philadelphia, PA   19107

_Sharon L. Bernardo_



**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

Nemours Building                                    *(302) 573-6277*
1007 N. Orange Street, Suite 700          *FAX (302) 573-6220*
P.O. Box 2046
Wilmington, Delaware 19899-2046

July 12, 2007

The Honorable Gregory M. Sleet
Chief United States District Judge
J. Caleb Boggs Federal Building
844 King Street
Wilmington, DE 19801

> **Re:     United States v. Lisa Reed**
> **Criminal Action No. 07-124–SLR**

Dear Judge Sleet:

 Earlier today, the parties filed a Joint Motion for Continuance of Trial. While the parties hope that the motion will be granted, because it has not yet been granted, today's deadline for filing joint proposed jury instructions remains on the calendar. The government is honoring the Court's deadline by filing proposed jury instructions. However, the proposed instructions are the government's only, as the government did not receive comments from defendant's counsel, Terry Pugh. Please note, however, that Mr. Pugh has been out of his office for the last week. Should the trial be continued, the government respectfully requests that it be given leave to confer with Mr. Pugh regarding jury instructions so that a joint set of instructions may be filed at a later date if necessary.

 Respectfully submitted,

 COLM F. CONNOLLY
 United States Attorney

BY: _____

 Beth Moskow-Schnoll
 Assistant United States Attorney

cc: Terry Pugh, Esq.