IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 06-124-GMS |
| | ) | |
| LISA REED, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Christopher J. Burke and Lesley F. Wolf, Assistant United States Attorneys, and Paul Peters, Esq., attorney for the defendant, Lisa Reed, the following agreement is hereby entered into by the respective parties:

1. The defendant agrees to plead guilty to Counts One and Two of the Superseding Indictment. Count One charges the defendant with conspiracy to commit bank fraud, a violation of Title 18, United States Code, Section 1344, all in violation of Title 18, United States Code, Section 1349. The maximum penalties for this offense are thirty years imprisonment, 5 years supervised release, a $1,000,000 fine, and a $100 special assessment. Count Two charges the defendant with aiding and abetting aggravated identity theft, a violation of Title 18, United States Code, Sections 1028A and 2. The penalty for this offense includes the addition of two mandatory, consecutive years of imprisonment to any sentence received on Count One. The penalties for the offense also include up to a $250,000 fine and a $100 special assessment.

2. The defendant understands that if she were to proceed to trial on Count One

the government would have to prove each of the following elements of the offense beyond a reasonable doubt: (1) that two or more persons agreed to commit the crime of bank fraud in violation of 18 U.S.C. § 1344; (2) that the defendant knowingly and voluntarily joined the conspiracy; and (3) that a member of the conspiracy did one of the overt acts described in the indictment for the purpose of advancing or helping the conspiracy. The defendant also understands that if she were to proceed to trial on Count Two, the government would have to prove each of the following elements of that offense beyond a reasonable doubt: (1) a person knowingly used, without lawful authority, a means of identification of another person; (2) the person used the means of identification of another person during and in relation to certain enumerated federal crimes, including conspiracy to commit bank fraud; (3) the defendant knew that this crime was being committed; (4) the defendant helped to commit the crime; and (5) the defendant intended to help commit the crime.

     3.    At the time of sentencing, the government agrees to move to dismiss Counts Three through Eleven of the Superseding Indictment.

     4.    The defendant knowingly, voluntarily, and intelligently admits that in or around April 2005, in the District of Delaware and elsewhere, she and G.C., III, did knowingly conspire with each other to execute and attempt to execute a scheme and artifice to defraud Univest National Bank & Trust Company, a federally insured financial institution. The defendant further admits that in execution of this fraud and in furtherance of the conspiracy, she and G.C., III committed the following overt acts: (1) on or about April 8, 2005, the defendant and G.C., III, who was using the name "Eugene Adams" and a social security number assigned to N.L., applied for a loan to purchase a 2002 Cadillac Escalade; (2) based upon this false information, on or

about April 16, 2005, Univest National Bank & Trust granted a car loan to "Eugene Adams" in the amount of $38,339; a loan the defendant and G.C., III used to purchase a 2002 Cadillac Escalade for the defendant; and (3) the defendant maintained the fraudulently purchased car at her home in Delaware. The defendant further admits that in or around April 2005, in the State and District of Delaware and elsewhere, she and G.C., III, did knowingly use, without lawful authority, a means of identification of N.L. during and in relation to their purchase of the 2002 Cadillac Escalade described above, which constituted a violation of the crime of conspiracy to commit bank fraud.

    5.    In addition to the conduct described in paragraph 3, the defendant also admits as relevant conduct for purposes of sentencing in this matter that in or around September 2005, in the State and District of Delaware, G.C., III and the defendant willfully, knowingly, and with the intent to deceive GMAC Financial Services, falsely represented that a Social Security number was the Social Security number assigned to G.C., III by the Commissioner of Social Security, when, in fact, that number had been assigned to E.W. and was not the Social Security number assigned to G.C., III. The defendant and G.C., III used this Social Security number to lease a 2006 Cadillac Escalade valued at $58,260. The defendant also admits that on or about June 20, 2006, she went to a car dealership in Pennsylvania to lease a 2006 Lincoln Navigator valued at over $56,000 and that, in applying for the lease, she submitted false employment and income information on a credit application. The defendant admits that, based on this false information, on or about June 21, 2006, the lease was approved, which permitted the defendant to obtain the vehicle. Thereafter, the defendant transported the fraudulently obtained vehicle from Pennsylvania to Delaware, where she maintained it.

6. Based on information and analyses disclosed by the government to defendant prior to the date of this memorandum, the government and defendant stipulate that for purposes of U.S.S.G. § 2B1.1(b)(1) that the loss involved in the instant offenses, including relevant conduct as defined in U.S.S.G. § 1B1.3, is more than $120,000 and less than $200,000.

7. Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's guilty plea, the government will not oppose a two-point reduction in the Offense Level for the Defendant's affirmative acceptance of responsibility. The government will move for an additional one-point reduction under United States Sentencing Guideline Section 3E1.1(b).

8. The United States explicitly retains the right to make whatever recommendations at the time of sentencing that it believes are appropriate and to defend the rulings of the sentencing court upon appeal.

9. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation

of her attorney or the United States, the defendant will not be allowed to withdraw her guilty plea on that basis.

    10.    The Defendant agrees to pay the $200 special assessment at the time of sentencing. If the Court orders the payment of any fine as part of the defendant's sentence, the defendant agrees voluntarily to enter the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of the defendant's prison salary and apply it on the defendant's behalf to the payment of the outstanding debt ordered.

    11.    It is further agreed by the parties that this Memorandum supersedes all prior promises, representations, and statements of the undersigned parties; that this Memorandum may be modified only in writing signed by all the parties; and that any and all promises, representations and statements made prior to or after this Memorandum are null and void and have no effect whatsoever, unless they comport with the subsequent written modification requirements of this paragraph.

COLM F. CONNOLLY
United States Attorney

_____  BY: _____
Paul Peters                     Christopher J. Burke
Attorney for Defendant          Lesley F. Wolf
                                Assistant United States Attorneys

_____
Lisa Reed
Defendant

Dated: February 11, 2008

5

    **AND NOW** this ___11th___ day of ___Feb.___, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (~~rejected~~) by the Court.

                                               _____
                                               The Honorable Gregory M. Sleet
                                               United States District Judge

```
                    FILED

                  FEB 1 1 2008

               U.S. DISTRICT COURT
               DISTRICT OF DELAWARE
```