IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| LISA REED, | ) | |
| | ) | |
| Movant/Defendant, | ) | |
| | ) | |
| v. | ) | Civ. A. No. 10-082-GMS |
| | ) | Cr. A. No. 06-124-GMS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff. | ) | |

**MEMORANDUM OPINION**

---

Lisa Reed. *Pro se* movant.

Lauren McEvoy. Assistant United States Attorney, United States Department of Justice, Wilmington, Delaware. Attorney for respondent.

---

Sept 19, 2013
Wilmington, Delaware

SLEET, Chief Judge

## I. INTRODUCTION

Movant Lisa Reed ("Reed") filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.I. 51) The government filed its answer in opposition. (D.I. 61) For the reasons discussed, the court will deny Reed's § 2255 motion without holding an evidentiary hearing.

## II. BACKGROUND

In April 2005, Reed and Glenny Coleman, III – using the fictitious name "Eugene Adams" and a false social security number – applied for a new car loan from Univest National Bank & Trust Company. *United States v. Reed*, 350 F. App'x 675, 676 (3d Cir. 2009). Relying on the false information, Univest granted a car loan in the amount of $38,339. Using the loan, Reed and Coleman purchased a 2002 Cadillac Escalade from a car dealer located in Langhorne, Pennsylvania. Reed then obtained insurance for the car in her name and in the name of Eugene Adams. Reed attempted to make one car payment, but was unsuccessful because she used a fraudulent check. *Id.* Reed maintained the car at her home in Delaware. (D.I. 19 at ¶4(c))

On November 16, 2006, the Grand Jury for the District of Delaware returned an eight count indictment against Reed, and then returned an eleven count superseding indictment on August 28, 2007. (D.I. 6; D.I. 7; D.I. 18; D.I. 19) The superseding indictment charged Reed with one count of conspiracy to commit bank fraud; three counts of aiding and abetting aggravated identity theft; one count of aiding and abetting the fraudulent use of a social security number; two counts of conspiracy to commit identity theft; one count of aiding and abetting wire fraud; and one count of interstate transportation of stolen property. (D.I. 19)

1

On February 11, 2008, Reed entered a guilty plea to counts one (conspiracy to commit bank fraud) and two (aiding and abetting aggravated identity theft). (D.I. 33) The court sentenced Reed on July 17, 2008 to a total of forty-five months of imprisonment, representing a term of twenty-one months for count one, and a mandatory consecutive term of twenty-four months for count two, followed by five years of supervised release. (D.I. 43)

Reed appealed, and the Third Circuit Court of Appeals affirmed her judgment of conviction. *See Reed*, 350 F. App'x at 678.

### III. EVIDENTIARY HEARING

A district court is not required to hold an evidentiary hearing on a motion filed pursuant to 28 U.S.C. § 2255 if the "motion and the files and records of the case conclusively show" that the movant is not entitled to relief. 28 U.S.C. § 2255; *see also United States v. Booth*, 432 F.3d 542, 545-46 (3d Cir. 2005); *United States v. McCoy*, 410 F.3d 124, 131 (3d Cir. 2005); Rule 8(a), 28 U.S.C. foll. § 2255. The record conclusively demonstrates that Reed is not entitled to relief under § 2255. Therefore, the court concludes that an evidentiary hearing is not warranted.

### IV. DISCUSSION

The court discerns two distinct grounds for relief in Reed's timely filed § 2255 motion. First, Reed contends that defense counsel provided constitutionally ineffective assistance by: 1) not objecting to the venue in the District of Delaware; 2) not thoroughly consulting with Reed about the terms of the agreement and erroneously informing Reed that she would not be incarcerated if she pled guilty to illegally possessing a 2002 Cadillac Escalade; and 3) not asking the undersigned to recuse based upon an alleged conflict of interest. Second, Reed contends that

2

the undersigned should have recused himself from presiding over her case. The government contends both grounds for relief should be denied.

### A. Claim One: Ineffective Assistance of Counsel

Reed has properly raised her ineffective assistance of counsel allegations in a § 2255 motion. *See Massaro v. United States,* 538 U.S. 500 (2003). As a general rule, ineffective assistance of counsel claims are reviewed pursuant to the two-pronged standard established in *Strickland v. Washington,* 466 U.S. 668 (1984). Under the first ("performance") prong of the *Strickland* standard, Reed must demonstrate that "counsel's representation fell below an objective standard of reasonableness," with reasonableness being judged under professional norms prevailing at the time counsel rendered assistance. *Strickland,* 466 U.S. at 688. Under the second ("prejudice") prong of the *Strickland* standard, Reed must demonstrate a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. *Id.* at 694; *United States v. Nahodil,* 36 F.3d 323, 326 (3d Cir. 1994). In the context of a guilty plea, a petitioner satisfies *Strickland*'s prejudice prong by demonstrating that, but for counsel's error, there is a reasonable probability he would have insisted on proceeding to trial instead of pleading guilty. *See Hill v. Lockhart,* 474 U.S. 52, 58 (1985). A court can choose to address the prejudice prong before the performance prong, and reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced. *See Strickland,* 466 U.S. at 668. Finally, although not insurmountable, the *Strickland* standard is highly demanding and leads to a strong presumption that counsel's representation was professionally reasonable. *Id.* 689.

3

### 1. Counsel failed to raise on direct appeal the issue of the undersigned's "conflict of interest" and failure to recuse

At the beginning of Reed's plea colloquy, the government stated that the undersigned had served as Reed's defense counsel in 1988 in a matter before the Court of Common Pleas of Delaware County, Pennsylvania, and that the undersigned was the United States Attorney when Reed pled guilty in another federal case in 1995. Both the government and defense counsel indicated that they believed neither of these issues constituted disqualifying conflicts. Defense counsel specifically stated, "I have spoken to Ms. Reed about it. We don't believe there is any conflict or any reason to request a recusal. So I said, just leave it, just present it to the Judge and let the Judge make the decision. We are ready to waive any conflict that can be perceived." (D.I. 47 at 28)

After Reed was placed under oath, the undersigned explained that he did not recollect his previous "connections" with Reed and stated that he did not have any conflict or issue with Reed. However, the undersigned offered to recuse if, after consulting with her attorney, Reed was uncomfortable proceeding forward under the circumstances and wanted him to recuse. The undersigned then proceeded to question Reed about the issue. Reed indicated that she had spoken with her attorney about the situation and that she understood asking for recusal was her choice to make. Ultimately, Reed indicated that she was comfortable if the undersigned continued to preside over her case. (D.I. 47 at 7-8). Given Reed's answers, and the lack of opposition from either the government or defense counsel, the undersigned stated he was comfortable proceeding over the case, and continued with the plea colloquy. *Id.*

In her first allegation of ineffective assistance, Reed contends that defense counsel was ineffective for failing to argue on direct appeal the fact that the undersigned's "conflict of

4

interest" mandated his recusal from her guilty plea colloquy and subsequent sentencing hearing. This ineffective assistance of counsel argument is unavailing, because Reed's assertions fail to demonstrate that recusal was required under the federal disqualification statute, 28 U.S.C. § 455.

Section 455(a) of Title 28 of the United Sates Code provides: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Nevertheless, recusal under § 455(a) is required "only if it appears that [the judge] harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside when judging the dispute." *Liteky v. United States*, 510 U.S. 540, 558 (1994)(Kennedy, J., concurring). Section 445(b)(1) requires disqualification where the judge has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(b)(1). Significantly, Reed does not suggest that the undersigned harbored any aversion or hostility toward her, nor does she allege any basis for extra-judicial bias. Thus, Reed has failed to demonstrate that the undersigned's disqualification was mandated by § 455(a) or § 455(b)(1).

Of course, given Reed's assertion that the undersigned could not treat her fairly because he served as her defense counsel in 1988 in a matter before the Court of Common Pleas of Delaware County, Pennsylvania, and because he was the United States Attorney when she pled guilty in another federal case in 1995, it appears that she may be attempting to trigger the provisions §§ 455(b)(2) and (3). For instance, § 455(b)(2) requires recusal where the judge served as lawyer in the matter in controversy when he was in private practice, and § 455(b)(3) requires recusal where the judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an

5

opinion concerning the merits of the particular in controversy." Notably, however, a judge's previous representation or prosecution of a party, in and of itself, does not require recusal. *See Cipollone v. Liggettt Group, Inc.*, 802 F.2d 658, 659 (3d Cir. 1986). Rather, even when a judge formerly served as a supervisory attorney in the United States Attorney's Officer, recusal is only mandated when there is a "**specific** showing that [the] judge was previously involved with [the] case while in the United States Attorney's Office." *United States v. Di Pasquale*, 864 F.2d 271, 279 (3d Cir. 1988)(emphasis in original). Similarly, a judge's prior representation of a defendant only mandates recusal when that representation occurred in the actual lawsuit before the court.

Here, the undersigned did not participate in, and was not involved with, the prosecution of the instant case in any way while he served as the United States Attorney for the District of Delaware. In fact, Reed did not commit the acts leading to her guilty plea until 2005, approximately seven years after the undersigned ceased serving in the United States Attorney's Office. In turn, the undersigned's prior representation of Reed in 1988 was completely unrelated to Reed's instant criminal case. And finally, given the remoteness and lack of relation between the instant case and the undersigned's prior "connections" with Reed, which occurred more than ten years prior to the 2008 plea colloquy at issue here, there is no reason to believe a reasonable person would question the undersigned's ability to preserve impartiality. *See United States v. Vazquez*, 193 F. App'x 168, 169 (3d Cir. 2006). For all of these reasons, the court concludes that Reed's vague assertions fail to demonstrate that recusal was mandated under any relevant provision of 28 U.S.C. § 455.

Additionally, it is well-settled that "[s]olemn declarations in open court carry a strong presumption of verity" that creates a "formidable barrier in any subsequent collateral

proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, during her plea colloquy, Reed explicitly stated under oath that she was fine with the undersigned presiding over her case, and Reed's vague allegations in this proceeding fail to provide compelling evidence as to why the statements she made during the colloquy should not be presumptively accepted as true.

Thus, after viewing Reed's colloquy statements in conjunction with her unavailing arguments for recusal, the court concludes that counsel acted objectively reasonably in not raising a meritless recusal argument on direct appeal. Additionally, Reed cannot demonstrate a reasonable probability that the outcome of her direct appeal would have been different but for counsel's failure to raise such a dubious recusal argument. Accordingly, the court will deny the instant ineffective assistance of counsel allegation.

2. Counsel failed to challenge venue in the District of Delaware

Next, Reed contends that defense counsel erred by failing to argue that venue in the District of Delaware was improper because the fraudulently obtained auto loan was from a Pennsylvania bank and the automobile that was purchased with that loan was purchased from a Pennsylvania car dealership. Reed appears to argue that counsel should have challenged venue both prior to her plea colloquy and on direct appeal.

This ineffective assistance of counsel argument is unavailing, because her underlying "lack of venue" argument is meritless. As explained by the Third Circuit Court of Appeals, "the Constitution does not command a single exclusive venue." *United States v. Pendleton*, 658 F.3d 299, 303 (3d Cir. 2011). Rather, "[t]he Constitution requires only that the venue chosen be determined from the nature of the crime charged as well as from the location of the act or acts constituting it, and that it not be contrary to an explicit policy underlying venue law." *Id.* As a

7

general rule, in the Third Circuit, venue is proper in a district where "a few" of the acts of the charges occurred, or where a co-conspirator has committed an act in furtherance of the conspiracy. *See United States v. Root*, 585 F.3d 145, 156 (3d Cir. 2009); *United States v. Perez*, 280 F.3d 318, 328-29 (3d Cir. 2002).

In this case, Reed's admissions in her plea agreement and during her plea colloquy provided more than sufficient support for venue in Delaware. For instance, Reed admitted in her plea agreement that her conduct occurred "in the District of Delaware and elsewhere." (D.I.33 at ¶4) The plea agreement also states that Reed "maintained the fraudulently purchased car at her home in Delaware." *Id.* During the plea colloquy, the government stated that it was prepared to prove that Reed maintained the fraudulently purchased Cadillac Escalade at her home in Delaware, and Reed stated that she agreed with these facts. (D.I. 47 at 26-7)

Moreover, Reed has not provided any compelling evidence as to why the statements contained in her written plea agreement and the statements she made during her plea colloquy should not be presumptively accepted as true. As such, the court concludes that Reed has failed to demonstrate: (1) that counsel's failure to raise a venue challenge prior to her plea or on direct appeal constituted deficient performance; and (2) a reasonable probability that she would not have pled guilty but for counsel's failure to raise such a challenge prior to her plea or that raising such a challenge would have had any impact on the result of her appeal. Therefore, the court will deny the instant ineffective assistance of counsel allegation as meritless.

3. Counsel did not fully apprise Reed of the terms of her guilty plea

Reed asserts that she saw the plea agreement for the first time on the same day as the plea colloquy. Consequently, she contends that counsel failed to adequately explain all aspects of the

8

guilty plea, and also alleges that counsel erroneously informed her that she would not be incarcerated if she pled guilty.

This claim is unavailing, because Reed has failed to demonstrate a reasonable probability that she would not have pled guilty but for counsel's aforementioned errors. *See Strickland*, 466 U.S. at 694 ("If it easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed."). The transcript of the plea colloquy clearly reflects that the court explained the elements of the offenses to which Reed pled guilty, and advised Reed of the penalties for each offense, including the "mandatory penalty enhancement of two years imprisonment" in connection with count two of the indictment. (D.I. 47 at 10-13). During the colloquy, Reed stated that she understood the court's explanation of the charges and penalties. She also stated that she understood the court was not bound by the terms of the plea agreement, and that the plea agreement could result in a "sentence more severe than [Reed] and [Reed's] lawyer or the government's lawyer might have anticipated." *Id.* At 11-13.

The transcript of the sentencing hearing provides additional support for the court's conclusion that Reed has failed to demonstrate prejudice. During her sentencing, the court advised Reed of the charges and corresponding sentencing range. Reed acknowledged that she read a copy of the PSR, discussed it with her attorney, and had no objections to the facts as reported therein. (D.I. 48 at 3) Reed also did not object to the advised range of imprisonment, which exceeded the sentence she ultimately received. (D.I. 48 at 6)

In sum, given the court's explanation of the terms and consequences of the plea agreement and sentences, and Reed's repeated affirmations that she understood those terms and

9

consequences, Reed cannot demonstrate that she was prejudiced by her attorney's performance. Accordingly, the court will deny this final allegation of ineffective assistance.

### B. Claim Two: Judicial Bias/Recusal

The relief sought under 28 U.S.C. § 2255 is reserved for extraordinary circumstances. *See Brecht v. Abrahamson,* 507 U.S. 619 (1993). If a movant fails to raise a claim on direct appeal, that claim is procedurally defaulted and cannot thereafter be reviewed pursuant to 28 U.S.C. § 2255 unless the movant demonstrates cause for the default and prejudice resulting therefrom, or that she is actually innocent. *Bousley v. United States,* 523 U.S. 614, 616, 621-23 (1998)(citation omitted). To establish cause for a default, a movant must demonstrate that "some objective factor external to the defense impeded counsel's efforts to raise the claim." *United States v. Essig,* 10 F. 3d 968, 979 (3d Cir. 1993), *abrogated on other grounds as explained in United States v. Peppers*, 482 F. App'x 702, 704 n.5 (3d Cir. 2012). Significantly, an attorney's failure to preserve or raise a claim on direct appeal can constitute cause for a movant's procedural default only if counsel's failure amounts to constitutionally ineffective assistance of counsel. *See Hodge v. United States*, 554 F.3d 372, 379 (3d Cir. 2009). To establish prejudice, a movant must show that "that the errors at [her] trial . . . worked to [her] actual and substantial disadvantage, infecting [her] entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170. Notably, if the movant fails to demonstrate cause, a court is not required to determine if the movant was prejudiced by the default. *See Smith v. Murray*, 477 U.S. 527, 533 (1986).

In claim two, Reed contends that the undersigned operated under a conflict of interest as a result of his prior "connections" with her as described in Section A (1) of this memorandum

10

opinion and, therefore, committed error by not recusing himself from her case. However, the record in this case reveals that Reed defaulted the instant "failure to recuse" claim because she did not raise the argument on direct appeal. Reed unsuccessfully attempts to establish cause by blaming counsel for not presenting the recusal claim on direct appeal because, as previously explained, the court has concluded that counsel's failure to raise the recusal issue on direct appeal did not amount to ineffective assistance.

Given Reed's failure to establish cause, the court will not address the issue of prejudice. The court also notes that Reed's default of the instant claim cannot be excused under the miscarriage of justice exception to the default doctrine because she has not provided new reliable evidence of her actual innocence. Accordingly, the court will deny claim two as procedurally barred.

### C. Letter Motion: Request for the Appointment of Counsel

During the pendency of this case, Reed filed a letter motion requesting the appointment of counsel. (D.I. 53) The court has concluded that Reed's § 2255 motion does not warrant relief. Therefore, the court will deny as moot Reed's motion for the appointment of counsel.

### V. CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2255 motion must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate only if the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The movant must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The court is denying Reed's § 2255 motion after determining that her claim one is procedurally barred and claim two lacks merit. The court is persuaded that reasonable jurists would not find this assessment debatable. Therefore, the court will not issue a certificate of appealability.

## VI. CONCLUSION

The court concludes that Reed is not entitled to relief pursuant to 28 U.S.C. § 2255. An appropriate order will issue.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LISA REED, ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | |
| v. ) | Civ. A. No. 10-082-GMS |
| ) | Cr. A. No. 06-124-GMS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent/Plaintiff. ) | |

**ORDER**

For the reasons set forth in the Memorandum Opinion issued in this action today, IT IS HEREBY ORDERED that:

1. Movant Lisa Reed's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.I. 51) is **DENIED.**

2. Reed's letter motion for appointment of counsel (D.I. 53) is **DENIED** as moot.

3. A certificate of appealability will not issue for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

4. The clerk of the court is directed to close the case.

Sept 19, 2013
Wilmington, Delaware

CHIEF, UNITED STATES DISTRICT JUDGE